IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re LIMELIGHT NETWORKS, INC. SECURITIES LITIGATION⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯<br>This Document Relates to:<br>All Actions⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | Master File No. CV07-01603-PHX-SRB<br><br>CLASS ACTION<br><br>**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE** |

This matter came before the Court for hearing pursuant to an Order of this Court, signed December 2, 2010 (the "Preliminary Approval Order"), on the application of the parties for approval of the settlement set forth in the Stipulation of Settlement dated as of October 29, 2010 (the "Stipulation") entered into by plaintiffs, The Robbins Group and Del G. Nuzum (the "Lead Plaintiffs," on behalf of themselves and the Settlement Class (as defined herein), and defendants Limelight Networks, Inc. ("Limelight" or the "Company"), Jeffrey W. Lunsford, Nathan F. Raciborski, Michael W. Gordon, Allan M. Kaplan, Walter D. Amaral, Joseph H. Gleberman, Fredric W. Harman, Mark A. Jung, Peter J. Perrone, David C. Peterschmidt, Gary Valenzuela,

1  Matthew Hale, Goldman, Sachs & Co., Morgan Stanley & Co. Incorporated, Jefferies &
2  Company, Inc., Piper Jaffray & Co., and Friedman, Billings, Ramsey & Co. Inc.
3  (collectively, the "Defendants" and together with Lead Plaintiffs, the "Settling Parties"),
4  by and through their respective counsel.

5        Due and adequate notice having been given of the settlement as required in said
6  Preliminary Approval Order and a full opportunity having been offered to all Settling
7  Parties, the Settlement Class, and persons and entities in interest, and the Court having
8  considered all papers filed and proceedings held herein and otherwise being fully
9  informed in the premises and good cause appearing therefore, IT IS HEREBY
10 ORDERED, ADJUDGED AND DECREED that:

11       1.    This Judgment incorporates by reference the definitions in the Stipulation,
12 and all terms used herein shall have the same meanings set forth in the Stipulation.

13       2.    This Court has jurisdiction over the subject matter of the Litigation and
14 over all parties to the Litigation, including all Members of the Settlement Class.

15       3.    Except as to any individual claim of those Persons (identified in Exhibit 1
16 attached hereto) who have validly and timely requested exclusion from the Settlement
17 Class, the Litigation and all claims contained therein, including all of the Released
18 Claims (as defined in the Stipulation at ¶1.16), are dismissed with prejudice as to the
19 Lead Plaintiffs and the other Members of the Settlement Class, and as against each and
20 all of the Released Persons (as defined in the Stipulation at ¶1.17). The parties are to
21 bear their own costs, except as otherwise provided in the Stipulation.

22       4.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court
23 hereby approves the settlement set forth in the Stipulation and finds that said settlement
24 is, in all respects, fair, reasonable and adequate to, and is in the best interests of, the
25 Lead Plaintiffs, the Settlement Class and each of the Settlement Class Members. This
26 Court further finds the settlement set forth in the Stipulation is the result of arm's-length
27 negotiations between experienced counsel representing the interests of the Lead
28 Plaintiffs, the Settlement Class Members and the Defendants. Accordingly, the

settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with its terms and provisions. The Settling Parties are hereby directed to perform the terms of the Stipulation.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby certifies, for purposes of effectuating this settlement only, a Settlement Class of all Persons who purchased or acquired the common stock of Limelight between June 7, 2007 and August 14, 2007, inclusive (the "Class Period"), and were allegedly damaged thereby, including those persons or entities who acquired shares of Limelight common stock issued pursuant to or traceable to Limelight's June 7, 2007 initial public offering (the "Settlement Class"). Excluded from the Settlement Class are: Defendants; members of the families of each of the Individual Defendants; current or former officers and directors of Limelight; any entity in which any Defendant has or had a majority interest; and the legal representatives, heirs, successors and assigns of any such excluded person. Also excluded from the Settlement Class are those Persons identified in Exhibit 1 attached hereto who timely and validly requested exclusion from the Settlement Class pursuant to the Notice of Pendency and Proposed Settlement of Class Action. The certification of the Settlement Class shall be binding only with respect to the settlement of the Litigation.

6. With respect to the Settlement Class, this Court finds for the purposes of effectuating this settlement only that (a) the Members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Litigation is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the Lead Plaintiffs are typical of the claims of the Settlement Class; (d) the Lead Plaintiffs and Lead Plaintiffs' Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Settlement Class in individually controlling the

3

1 prosecution of the separate actions; (ii) the extent and nature of any litigation
2 concerning the controversy already commenced by Members of the Settlement Class:
3 (iii) the desirability or undesirability of continuing the litigation of these claims in this
4 particular forum; and (iv) the difficulties likely to be encountered in the management of
5 the Litigation.

6       7. Only for purposes of effectuating this settlement, the Court hereby
7 appoints Lead Plaintiffs The Robbins Group and Del G. Nuzum as Class Representative
8 and Labaton Sucharow LLP and Barroway Topaz Kessler Meltzer & Check, LLP as
9 Class Counsel.

10       8. Upon the Effective Date, the Lead Plaintiffs and each of the Settlement
11 Class Members shall be deemed to have, and by operation of the Judgment shall have,
12 fully, finally, and forever released, relinquished and discharged all Released Claims
13 against the Released Persons, whether or not such Settlement Class Member executes
14 and delivers a Proof of Claim and Release form, and shall be enjoined from prosecuting
15 any Released Claims against any of the Released Persons.

16       9. Upon the Effective Date hereof, each of the Released Persons shall be
17 deemed to have, and by operation of this Judgment shall have, fully, finally, and forever
18 released, relinquished and discharged Lead Plaintiffs, Settlement Class Members and
19 Lead Plaintiffs' Counsel from each and all of the Settled Defendants' Claims (as
20 defined in the Stipulation at ¶1.18), and shall forever be enjoined from prosecuting any
21 of the Settled Defendants' Claims.

22       10. The distribution of the Notice of Pendency and Proposed Settlement of
23 Class Action and the publication of the Summary Notice as provided for in the
24 Preliminary Approval Order constituted the best notice practicable, including individual
25 notice to all Members of the Settlement Class who could be identified through
26 reasonable effort. Said Notice provided the best notice practicable under the
27 circumstances of those proceedings and of the matters set forth therein, including the
28 proposed settlement set forth in the Stipulation, to all Persons entitled to such notice,

1  and said Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23,
2  the requirements of due process, and any other applicable law.

3      11.    Any plan of allocation submitted by Lead Plaintiffs' Counsel or any order
4  entered regarding the attorneys' fee and expense application shall in no way disturb or
5  affect this Judgment and shall be considered separate from this Judgment.

6      12.    Neither the Stipulation nor the settlement contained therein, nor any act
7  performed or document executed pursuant to or in furtherance of the Stipulation or the
8  settlement: (a) is or may be deemed to be or may be used as an admission of, or
9  evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the
10 Defendants or their Related Parties; (b) is or may be deemed to be or may be used as an
11 admission of, or evidence of, any fault or omission of any of the Defendants or their
12 Related Parties in any civil, criminal or administrative proceeding in any court,
13 administrative agency or other tribunal; (c) is or may be construed as an admission or
14 concession that the consideration to be given hereunder represents the amount which
15 could be or would have been recovered after trial; or (d) is or may be construed as or
16 received in evidence as an admission, concession or presumption against the Lead
17 Plaintiffs or any of the Settlement Class Members that any of their claims are without
18 merit, or that defenses asserted by the Defendants have any merit, or that damages
19 recoverable under the Consolidated Complaints would not have exceeded the Settlement
20 Amount.  The Stipulation may be filed in an action to enforce or interpret the terms of
21 the Stipulation, the settlement contained therein, and any other documents executed in
22 connection with the performance of the agreements embodied therein.  Defendants
23 and/or their Related Parties may file the Stipulation and/or the Judgment in any other
24 action that may be brought against them in order to support a defense or counterclaim
25 based on principles of *res judicata*, collateral estoppel, release, good faith settlement,
26 judgment bar or reduction or any other theory of claim preclusion or issue preclusion or
27 similar defense or counterclaim.

28

1      13.     No Class Member shall have any claim against Lead Plaintiffs, Lead Plaintiffs' Counsel or against any of the Defendants, the Released Persons or Defendants' Counsel based on the investments, costs, expenses, administration, allocations, payments, and distributions that are made substantially in accordance with the Stipulation and the settlement contained therein, the Plan of Allocation approved by the Court, or further order of the Court.

       14.     Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

       15.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over (a) implementation of this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) hearing and determining applications for attorneys' fees and expenses in the Litigation; and (c) all parties hereto for the purpose of construing, enforcing and administering the Stipulation.

       16.     Pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4 (c), the Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

       17.     In the event that the settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and

///
///
///
///
///

6

1 | releases delivered in connection herewith shall be null and void to the extent provided
2 | by and in accordance with the Stipulation.

Dated this 23rd day of March, 2011.

_____
Susan R. Bolton
United States District Judge

**EXHIBIT 1**

1. Robert and Alma Stockhausen, Cedar Hill, MO
2. John Shores, Olathe, KS