**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re LIMELIGHT NETWORKS, INC. SECURITIES LITIGATION ) ) ) ) ) This Document relates to: ) ) ) All Actions ) ) ) ) ) | Master File No. CV07-01603-PHX-SRB  **DISTRIBUTION ORDER FOR THE NET SETTLEMENT FUND** |

[

WHEREAS:

A. As of October 29, 2010, Mitchell Robbins, David Gechklik, Thaiky Nguyen and Del G. Nuzum, Court-appointed lead plaintiffs ("Lead Plaintiffs"), on behalf of themselves and the Settlement Class, entered into a Stipulation of Settlement (the "Stipulation") with defendants Limelight Networks, Inc. ("Limelight"); Jeffrey W. Lunsford, Nathan F. Raciborski, Michael W. Gordon, Allan M. Kaplan, Walter D. Amaral, Joseph H. Gleberman, Fredric W. Harman, Mark A. Jung, Peter J. Perrone, David C. Peterschmidt, Gary Valenzuela and Matthew Hale (the "Individual Defendants"); and Goldman, Sachs & Co., Morgan Stanley & Co. Incorporated, Jefferies & Company, Inc., Piper Jaffray & Co., and Friedman, Billings, Ramsey & Co. Inc. (the "Underwriters" and collectively, with Limelight and the Individual Defendants, "Defendants") in this action (the "Litigation");

B. By Final Order and Judgment, entered March 23, 2011, the Court approved the Settlement of the Litigation in the amount of $1.9 million (the "Settlement Amount") and approved the proposed Plan of Allocation for the net settlement proceeds ("Net Settlement Fund");

C. The Settlement has reached its Effective Date, pursuant to the terms of the Stipulation;

D. Lead Plaintiffs, by unopposed motion filed on December 14, 2012, and on notice to Defendants' Counsel, moved this Court for an order approving the Court-appointed Claims Administrator's administrative determinations and directing distribution of the Net Settlement Fund; and

E. The Court has duly considered Lead Plaintiffs' unopposed motion, the declarations with annexed exhibits, the memorandum of law submitted in support thereof, and all of the submissions and arguments presented.

NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED AND DECREED that:

1. This Order incorporates by reference the definitions in the Stipulation, and

[

all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

2. The motion is granted in its entirety and the Court approves the determinations of A.B. Data, Ltd. Class Action Administration Company ("A.B. Data"), the Court-appointed Claims Administrator, accepting and rejecting claims.

3. The Net Settlement Fund established by the Settlement of this Litigation shall be distributed to Authorized Claimants according to the determinations of the Claims Administrator and consistent with the Stipulation and Plan of Allocation of the Net Settlement Fund previously approved by the Court by Orders entered March 23, 2011.

4. Otherwise eligible claims that were submitted after the April 12, 2011 claims submission deadline but received before September 10, 2012 are hereby deemed timely and shall be included in the distribution.

5. Rejected or otherwise ineligible Proofs of Claim are hereby rejected.

6. Any Proofs of Claim that are received on or after September 10, 2012 are hereby rejected as untimely and shall not be accepted.

7. A.B. Data shall be paid the outstanding balance of its fees and expenses in connection with the services performed and to be performed in administering the Settlement and distributing the Net Settlement Fund in the total amount of $25,363.82.

8. The administration of the Settlement and the proposed distribution of the Net Settlement Fund comply with the terms of the Stipulation and the Plan of Allocation. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund are released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members, whether or not they are to receive payment from the Net Settlement Fund are barred from making any further claims against the Net Settlement Fund or the Released Parties beyond the amount allocated to them pursuant to this Order.

[

9.     If cost-effective, not less than six (6) months after the initial distribution, a further distribution of the Net Settlement Fund shall be conducted pursuant to which any remaining funds in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise) shall be conducted pursuant to which any remaining funds in the Net Settlement Fund shall be redistributed, on a *pro rata* basis, to Authorized Claimants who cashed their initial distribution checks and who would receive at least $10.00 from such redistribution.

10.     One year after completing the initial distribution of the Net Settlement Fund, A.B. Data may destroy any paper copies of the Proof of Claim forms and all related documentation, and three years after completing the distribution of the Net Settlement Fund, it may destroy electronic copies of the same.

11.     The Court retains jurisdiction to consider any further applications concerning the administration of the Settlement, and such other and further relief as this Court deems appropriate.

Dated this 21st day of December, 2012.

_____
Susan R. Bolton
United States District Judge

[